## HAUSSAUER *v.* TERRY.

*(Supreme Court, General Term, Fifth Department.   October 21, 1892.)*

VENDOR AND PURCHASER — ASSUMPTION OF MORTGAGE—ESTOPPEL TO DENY VALIDITY.
   In an action to recover the balance of the purchase price of land, it appeared that plaintiff acquired the land by devise from her father; that, while she was a minor, her father's executor mortgaged the land to pay the debts of the estate, by order of the surrogate court, made in proceedings to which she was not a party. Her guardian paid interest on the mortgage, the charges for which were allowed by her in settlement with him after she became of age.   Thereafter she paid the interest on it, and her deed to defendant was made subject to the mortgage, which he assumed and paid as the balance of the purchase price of the land.   *Held,* that plaintiff was estopped to deny the validity of the mortgage, and that the payment thereof by defendant discharged the debt for the land.

Appeal from judgment on report of referee.

Action by Jessie Haussauer against George D. Terry to recover the balance of the purchase price of certain land. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Dilworth M. Silver*, for appellant. *Dolson & Orcutt*, (*I. W. Near*, of counsel,) for respondent.

MACOMBER, J. This action was brought to recover the sum of $1,500, claimed to be the balance of money agreed to be paid by the defendant for the purchase by him of certain real estate of the plaintiff. The defense was that the plaintiff had been paid all that was coming to her as the consideration of such conveyance, by receiving from the defendant a deed of other lands of the agreed value of $1,000, and the assumption by the defendant of an incumbrance upon the real estate of $1,500. The fact that the sum of $1,000 was so paid, and the further fact that there was a lien by mortgage upon the premises purchased by the defendant of the plaintiff, are not in dispute, but it is sought to avoid them on the ground that the mortgage lien in question was executed when the plaintiff was a minor, under certain proceedings instituted and conducted in the surrogate's court of Steuben county, to which she was not a party. The plaintiff is the daughter of one George W. Terry, who died in the year 1884, leaving a last will, bearing date September 19, 1884. The decedent was seised of the lands described in the complaint, together with other lands in Steuben county. His will was admitted to probate by the surrogate October 8, 1884, and duly recorded as a will of real estate. He devised the land, of which the undivided one-fourth part is described in the complaint, to four of his children, of whom the parties to this action are two, share and share alike. There being insufficient personal property coming to the hands of the executor to pay in full the debts of the deceased, application was made to the surrogate under the statute for leave to sell or mortgage the real estate of the decedent for such purpose. A citation was thereupon issued, returnable February 2, 1886, when it was proved that all parties had been served, except the plaintiff, who was then a minor, and married to a man by the name of McGuire. The plaintiff arrived at the age of 21 years on the 24th day of December, 1887. She never was served with such citation, and she never properly appeared in the proceedings in which the citation was issued. The surrogate directed that a mortgage of $6,000 be given, covering the lands of which the undivided one-fourth part is described in the complaint. The mortgage was accordingly executed by the executor, and the necessary moneys obtained thereon. From the time of the execution of the mortgage up to the time the plaintiff became of full age her general guardian paid her proportionate share of interest accruing upon the mortgage, with the knowledge of the plaintiff, who subsequently, and after she become of full age, allowed the same in the accounts of her general guardian as settled between them by agreement. After that time, and up to the time of the conveyance to the defendant, the plaintiff personally paid her proportionate share of interest upon such mortgage, with full knowledge that it was executed pursuant to the proceedings in the surrogate's court. The deed itself, which bears date 3d day of March, 1888, in express terms conveyed the lands described in the complaint, subject to the mortgage heretofore executed by the executor pursuant to the authority of the surrogate's court. Furthermore, the defendant, by accepting the deed containing apt clauses for that purpose, assumed and agreed to pay the one-fourth part of the mortgage, that being the proportionate share resting on these lands; and the deed thereof was accordingly made subject to such lien. After the mortgage became due, and upon demand of payment thereof by the holder, the defendant raised the full sum of $6,000 by a promissory note, and caused the mortgage to be assigned to the holder of the note as security for the payment thereof. Under

these facts, it is clear that the plaintiff is estopped now to deny that the mortgage in question was a valid instrument in the hands of the holder thereof, or that her share, being one fourth of $6,000, namely, $1,500, has been lawfully assumed and paid by the defendant. By the deed she recognized the authority of the executor of her father's will to execute the mortgage. In this instrument she expressly declared that the one-fourth part of the mortgage lien was chargeable upon her. She was, however, relieved of such liability, as between herself and the grantee, by the assumption by the defendant of the payment of such lien. Under these circumstances, she cannot be permitted to say that the mortgage was invalid as to her; and it consequently follows that the decision of the learned referee was in all respects correct upon the merits of the case. We have examined the several exceptions taken by the appellant to the refusal of the referee to find certain requests which were made, but such rulings do not present any questions materially different from the principal one arising upon the merits, and were made in harmony and subordination to the chief proposition in the case.

The judgment should be affirmed. All concur.