### HAUSSAUER v. YOUNG.

*(Supreme Court, General Term, Fifth Department.　October 21, 1892.)*

Appeal from judgment on report of referee.

Action by Jessie Haussauer against Edward T. Young to recover the balance of the purchase price of certain land. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Dilworth M. Silver,* for appellant. *Dolson & Orcutt, (I. W. Near,* of counsel,) for respondent.

MACOMBER, J. This action was brought to recover a balance of the consideration price of one fourth of the lands described in the complaint, being the plaintiff's share coming to her under her father's will, which she had conveyed to the defendant. The consideration which the defendant agreed to pay was $2,500. Fifteen hundred dollars thereof the plaintiff admitted had been paid to her. This case was tried at the same time with the case of *Haussauer* v. *Terry,* 20 N. Y. Supp. 337, (decided at the present term,) and does not differ from the latter in any particular except in the names of the parties, and the description of the property, and the amount of the mortgage, which, in this instance, was $4,000, save that the deed appearing in this case, though containing a clause to the effect that the premises were conveyed subject to the mortgage executed by the executor of George W. Terry, deceased, of whom the plaintiff is a daughter and an heir at law, does not contain the affirmative personal assumption of the indebtedness by the defendant, as was done in the case of *Haussauer* v. *Terry.* But this is an unimportant distinction, because this defendant has actually caused to be discharged the entire mortgage lien, thereby discharging and paying a lien to the amount of $1,500 resting upon the lands conveyed by the plaintiff to him. It therefore appears clear in this case, as well as in the other, that the defendant had paid and discharged the entire consideration for the purchase of the plaintiff's interest in the land; and hence it follows that this action, as well as the other, cannot be maintained.

Judgment appealed from affirmed. All concur.